**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOHN WEIKEL<br>139 King George St.<br>Annapolis, MD 21401 | * | |
| Plaintiff, | * | |
| v. | * | **Civil No:** |
| WINNCOMPANIES LLC<br>6 Faneuil Hall Marketplace<br>Boston, MA 02109 | * | **Complaint**<br>**Jury Trial Demanded** |
| & | * | |
| WINN MANAGEMENT GROUP LLC<br>6 Faneuil Hall Marketplace<br>Boston, MA 02109 | * | |
| SERVE: Resident Agent:<br>Gilbert Winn<br>6 Faneuil Hall Marketplace<br>Boston, MA 02109 | * | |
| Defendants. | * | |

**COMPLAINT**

Plaintiff, JOHN WEIKEL, hereby brings the following Complaint against Defendants, WINNCOMPANIES LLC and WINN MANAGEMENT GROUP LLC (collectively "Winn Companies" or "Defendants"), and in support thereof, states as follows:

**Parties and Jurisdiction**

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under and concerns provisions of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e et seq. and the US Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621-634.

2. Under 28 U.S.C. §1367, this Court has subject matter jurisdiction to hear Plaintiff's claims under the District of Columbia Human Rights Act of 1977 ("DCHRA"), as amended, D.C. Code § 2-1401.01 et seq., as the claims asserted herein are part of the same case and controversy.

3. All conditions precedent to jurisdiction under § 706 of the Title VII, 42 U.S.C. § 2000e-5 and the ADEA of 1967 have occurred or been complied with.

4. Plaintiff has exhausted all administrative remedies required in employment discrimination actions under Title VII, the ADEA, and the DCHRA. A charge of discrimination on the basis of age discrimination and retaliation was filed by the Plaintiff with the District of Columbia Office of Human Rights, which was cross filed with the U.S. Equal Employment Opportunity Commission ("EEOC"); notification of the Right to Sue was issued by the EEOC on or about January 19, 2017 and this Complaint has been filed within 90 days of receipt of said Right to Sue notice.

5. Plaintiff, John Weikel, is a citizen and resident of the State of Maryland, and resides in Anne Arundel County, Maryland.

6. Upon information and belief, Defendant WinnCompanies LLC is a limited liability company organized and existing pursuant to the laws of the Commonwealth of Massachusetts, and is the parent company of its subsidiary, Defendant Winn Management Group LLC, with its principal place of business in Massachusetts,

but who, at all times herein, operated and conducted business within the District of Columbia, including the acquisition, development and management of real property.

7. Upon information and belief, Defendant Winn Management Group LLC is a limited liability company organized under the laws of the Commonwealth of Massachusetts, and is the subsidiary of Defendant WinnCompanies LLC, with its principal place of business in Massachusetts, but who, at all times herein, operated and conducted business within the District of Columbia, including the acquisition, development and management of real property.

8. Defendants are a "person" within the meaning of: (1) § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, (2) the ADEA of 1967, as amended, 29 U.S.C. § 630, and (3) the DCHRA, as amended, D.C. Code § 2-1401.02.

9. Defendants are an "employer" for purposes of and covered by: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), because they are engaged in an industry affecting commerce and employs fifteen (15) or more employees for each working day in each of 20 or more calendar weeks in the same calendar year, (2) the ADEA because they have in excess of twenty (20) employees for each working day in each of 20 or more calendar weeks in the same calendar year under 29 U.S.C. § 630, and (3) the DCHRA as they are a person who, for compensation, employs an individual, under D.C. Code § 2-1401.02.

10. Venue is proper in this Court because Defendants own and/or manage real property and conduct business within the District of Columbia and the unlawful

employment practices giving rise to Plaintiff's claims were committed, at least in part, within the District Court of Columbia.

**STATEMENT OF FACTS**

11. Plaintiff is a 68 year-old white male who began working for Defendants in 1998 at their Washington, DC office.

12. Plaintiff had never been disciplined outside of the pre-textual and age-based reason for his suspension and termination in 2016.

13. Plaintiff began to experience age discrimination in 2007, when after years of exemplary service, Plaintiff was demoted from Regional Vice President to an amorphous "Regional Manager" position and his salary was reduced by approximately 25%.

14. Plaintiff was never provided with a reason for his demotion and reduction in pay. Plaintiff continued to ask Senior Vice President, Travis Henderson and his supervisor, William Wollinger, as to why such action was taken.

15. After trying to get an explanation for over one year, Plaintiff was never advised as to why he was demoted; however, Plaintiff, who was 58 years old at the time, was replaced by a 38-year old individual named Michael Milko, who was given a significantly higher salary than what Plaintiff was paid in the same position.

16. Beginning in 2014, Plaintiff filed a report for what he believed were violations of company Code of Business Ethics and Conduct in conjunction with the employee protection and whistleblower policy that all company employees were bound by.

17. Specifically, Plaintiff raised concerns about potential business conflicts of

interest, unauthorized use of company vendors and subcontractors by company employees, legal and regulatory compliance issues and failure to follow the competitive bidding process.

18. Moreover, Plaintiff also raised concerns pertaining to the nondiscrimination and harassment policies of the Defendants, and what is applicable under Title VII, for discriminatory comments and actions taken against Plaintiff by his supervisor, Cynthia Bianco, in addition to verbal intimidation and harassment by the Property Manager at the time.

19. Plaintiff stated that his supervisor, Cynthia Bianco, repeatedly asked him about his age and when he was planning on retiring.

20. On or about July 23, 2013, while Plaintiff was driving her to the airport, Cynthia Bianco asked Plaintiff what his plans were for retiring and whether he was considering retirement any time soon.

21. Between October 17, 2013-October 23, 2013, Cynthia Bianco called Plaintiff and asked him whether he was having a stroke, which she then repeated by asking Plaintiff a second time at some point thereafter.

22. Additionally, on September 18, 2014, Cynthia Bianco asked how old Plaintiff's brother was when he died and again asked Plaintiff what his plans were for the next couple of years, referring to whether or not Plaintiff would be retiring due to his age.

23. In March of 2015, Plaintiff was demoted again by having his management portfolio of over 1,300 residential apartment units and 24,000 square feet of

commercial space reduced to 558 residential apartment units, despite Plaintiff's excellent work performance.

24. In June of 2015, Defendants' agents and/or employees described Plaintiff as being "too old" and asked when he was going to retire.

25. On or about August 2, 2015, after never hearing back from his first complaint, Plaintiff sent a second formal complaint of violations of the company's Code of Business Ethics and conduct in conjunction with the company's employee protection and whistleblower policy.

26. The second formal complaint included, again, violations of conflict of interest, use of company vendors and subcontractors, legal and regulatory compliance, and, importantly, discrimination and harassment violations. Specifically, Plaintiff reported age discrimination, including comments, actions and harassment by employees and demotions of his role and responsibilities from his supervisor.

27. In doing so, Plaintiff also notified Defendants that he was considering submitting a complaint with the DC Office of Human Rights for the systemic age discrimination he had been experiencing.

28. Plaintiff's second formal complaint was sent to and filed with Defendants' corporate counsel, Mr. Dan Willert. Upon information and belief, there was no completion of the investigation.

29. Plaintiff also reported continued discriminatory behavior by his subordinates that was not only tolerated by company management, but Plaintiff's concerns were ignored.

30. Among other items, Monique Moore repeatedly stated that she "can't stand old people", and that she "hates old people."

31. Kim Dorsey, a certified occupancy specialist of Defendants, stated that she believed Plaintiff was "too old, he needs to retire," in front of other employees, including Cheremie Spencer.

32. In an email to Cynthia Bianco on June 11, 2015, Mrs. Spencer indicated that Plaintiff had "been unable to recall events such as conversations, or decisions and I don't know what is going on with [Plaintiff]."

33. In or about September 2015, Cynthia Bianco continued to ask Plaintiff when he was going to retire, despite the fact that Plaintiff gave no indication that he had any present and/or near future intention of retirement.

34. At staff meetings on several occasions, including but not limited to October 5, 2015 and November 9, 2015, Plaintiff was berated about his age by Mr. Jack Kerry, who upon information and belief is a limited partner and/or agent of Defendants.

35. In early 2016, Plaintiff was approached by Neil Hudson, the regional maintenance manager, who asked Plaintiff when he was going to retire, despite Plaintiff nearly receiving a 100% bonus for his 2015 performance.

36. On February 10, 2016, Plaintiff filed a discrimination complaint with the District of Columbia Office of Human Rights against Defendants.

37. On or about April 23, 2016, Kim Dorsey asked Marilyn Harris, a 65-year old administrative assistant who worked in the same office as Plaintiff, when she was

thinking of retiring. Kim Dorsey asked the same question to Marilyn Harris on April 29, 2016, and added "You're too old, Marilyn" in front of Plaintiff.

38. Both Plaintiff and Marilyn Harris requested that Kim Dorsey stop making such statements.

39. Around early June 2016, Plaintiff was reassigned to less high-profile properties, mostly in the Baltimore, Maryland area. No reason was given to the Plaintiff for the reassignment.

40. On June 29, 2016, Plaintiff was placed on a one week suspension.

41. Also on June 29, 2016, Plaintiff sent an email to Defendants' corporate counsel, Dan Willet, advising that he had filed a complaint in February 2016 with the DC Office of Human Rights which would be moving forward and that it will be sent to Defendants and the EEOC within the next few weeks.

42. On July 7, 2016, Plaintiff received a termination letter with no attachments.

43. On or about July 15, 2016, the DC Office of Human Rights issued its Notice of Charge of Discrimination and Mandatory Mediation.

44. Throughout his tenure with Defendants, Plaintiff received excellent performance reviews, including the following, written by Defendants' Chief Executive Officer, Gilbert Winn:

- December 18, 2015- "In 2015, you achieved many of your personal goals and contributed to our overall objectives of leadership, client relations, WinnSafe, and modeling Winn values. Your contributions had a positive impact on the organization's overall success in 2015

and the Board of Directors wishes to thank you for your efforts by awarding you a bonus of $21,287.01. On behalf of the Board of Directors, we would like to congratulate you on a job well done."

- December 19, 2014- "In 2014, you achieved many of your personal goals and contributed to our overall objectives of change management, consistency and complete execution, leadership and modeling of Winn values. Your contributions had a positive impact on the organization's overall success in 2014 and the Board of Directors wishes to thank you for your efforts by awarding you a bonus of $21,504. On behalf of the Board of Directors, we would like to congratulate you on a job well done."

45. Plaintiff had no history of poor performance or disciplinary issues or other concerns raised by management, yet despite receiving such excellent marks, Plaintiff was terminated by Defendants in July of 2016.

46. In terminating Plaintiff, Defendants failed to follow the prescribed procedures contained in the Defendants' employee handbook for involuntary termination.

**COUNT I**
**(Hostile Work Environment Based on Age) (ADEA & DCHRA)**

47. Plaintiff repeats and realleges Paragraphs 1-46 as if fully set forth herein.

48. Plaintiff is within the age-protected category under the ADEA, because he was older than forty (40) years of age during the times relevant to this Complaint. Plaintiff was born in 1949.

49. Plaintiff was subjected to a hostile work environment by the constant, abusive

and disparaging remarks and comments by his co-workers, including his supervisor, Cynthia Bianco, and a limited partner of Defendants that Plaintiff worked for, Mr. Jack Kerry, which were unwelcome and based on Plaintiff's age. The conduct by Ms. Bianco, Mr. Kerry, and other employees of Defendants created an intimidating, hostile, and offense work environment which had the effect of altering Plaintiff's conditions of employment and created an abusive atmosphere.

50. Cynthia Bianco and Jack Kerry's conduct was so repeated and pervasive that Defendants knew or reasonably should have known of such conduct; however, Defendants failed to take reasonable steps to remedy the problem. In addition, Plaintiff filed at least two complaints directly to management and Defendants' corporate counsel, Mr. Dan Willert, about Cynthia Bianco's and the conduct of other employees, but no remedial measure was taken to curtail such conduct.

51. Defendants permitted a hostile work environment based on Plaintiff's age, which is in violation of the ADEA, as amended (29 U.S.C. §§ 621-634) and the DCHRA, as amended (D.C. Code § 2-1401.01 et seq.).

52. Defendants' unlawful harassment and discrimination against Plaintiff based on his age has directly and proximately caused him to suffer actual damages in the form of lost wages and employment benefits. As such, Plaintiff is entitled to recover sufficient actual damages to compensate him for lost wages and employment benefits caused by Defendants' unlawful discrimination based on age.

53. Upon information and belief, Defendants' discrimination against Plaintiff was willful and in reckless disregard of his rights. As such, Plaintiff is entitled to recover liquidated damages against Defendants equal to the back pay award under the ADEA.

54. Plaintiff is also entitled to an award of reasonable attorney's fees, expert fees, and costs incurred in pursuing this action.

**COUNT II**
**(Age Discrimination-Disparate Treatment) (ADEA & DCHRA)**

55. Plaintiff repeats and realleges Paragraphs 1-54 as if fully set forth herein.

56. Defendants unlawfully discriminated against Plaintiff due to his age by (1) demoting him in favor of a substantially younger employee, Michael Milko, twenty years Plaintiff's junior, (2) by re-assigning Plaintiff to less high-profile properties, mostly in the Baltimore area, (3) by suspending Plaintiff in June of 2016, and then (4) by terminating his employment in July of 2016.

57. Plaintiff was treated disparately from younger employees because of his age in violation of the ADEA and the DCHRA, including D.C. Code § 2-1402.11.

58. Upon information and belief, any alleged reason offered by Defendants for demoting, re-assigning, suspending, and terminating Plaintiff's employment was false and pretext for unlawful age discrimination.

59. Defendants intentionally and willfully discriminated against Plaintiff based on his age in violation of the ADEA and the DCHRA.

60. Plaintiff's age was a determining factor in the disparate treatment and eventual suspension and termination of the Plaintiff. But for the Plaintiff's age, he would

not have been terminated and/or demoted and/or suspended.

61. As a direct and proximate result of Defendants' deliberate, intentional, reckless, and malicious discrimination against Plaintiff, he has suffered, and will continue to suffer injuries, including lost wages, lost earning capacity, and other economic damages.

62. Plaintiff is entitled to an award of back pay, front pay, including interest thereon, lost employment benefits, attorney's fees, expert fees, costs, and other actual damages in an amount to be proven at trial.

63. Plaintiff is entitled to liquidated damages under the ADEA in an amount equal to his lost pay and benefits directly and proximately caused by Defendants' willful discriminatory conduct, pursuant to 29 U.S.C. § 626 *et seq.*

**COUNT III**
**(Retaliation) (ADEA & DCHRA)**

64. Plaintiff repeats and realleges Paragraphs 1-63 as if fully set forth herein.

65. Plaintiff opposed Defendants' unlawful discrimination against him by submitting complaints in 2014 and 2015 to Defendants' corporate counsel, Dan Willert, regarding *inter alia* the hostile work environment dating back to 2007 and the pervasive abusive and disparaging remarks about Plaintiff's age. Moreover, Plaintiff also filed a charge of discrimination with the DC Office of Human Rights in February of 2016, and later informed Defendants by email on June 29, 2016 that his complaint against them was going to move forward and that Defendants would receive the complaint sometime in the upcoming weeks.

66. Plaintiff's opposition to Defendants' discriminatory practices constitutes protected

activity under applicable federal law, including 29 U.S.C. § 623(d), and under the DCHRA including D.C. Code § 2-1402.61.

67. Defendants unlawfully retaliated against Plaintiff by demoting him, re-assigning him to less desirable properties without reason, by suspending him in June of 2016, and by terminating his employment in July of 2016, only eight (8) days after Plaintiff informed Defendants of his charge of age discrimination with the DC Office of Human Rights.

68. Upon information and belief, any alleged reason by the Defendants for any adverse employment action was a pretext for unlawful discrimination or retaliation.

69. Plaintiff's demotion, re-assignment, suspension and termination and other adverse employment action was because of Plaintiff's protected activity.

70. The Defendants' aforesaid conduct, including that of its management, agents and servants, violated the ADEA, including, 29 U.S.C. § 623(d), and the DCHRA, including D.C. Code § 2-1402.61.

71. Defendants' unlawful discrimination and retaliation against Plaintiff has directly and proximately caused him to suffer actual damages, such as lost wages and employment benefits. As such, Plaintiff is entitled to recover actual damages against Defendants sufficient to compensate him for lost wages and employment benefits caused by Defendant's unlawful retaliation.

72. Upon information and belief, Defendants' discrimination and retaliation against Plaintiff was intentional, willful, and in reckless disregard of his rights to be free

from discrimination. As such, Plaintiff is entitled to recover punitive damages against Defendants in an amount to be determined by a jury, sufficient to deter this Defendants and others from engaging in such discrimination in the future.

73. Defendants' discriminatory conduct and retaliation was willful, and therefore Plaintiff is entitled to recover liquidated damages under the ADEA in an amount equal to his lost pay and benefits directly and proximately caused by Defendants' discrimination.

74. Plaintiff is also entitled to an award of reasonable attorney's fees, expert fees, and costs incurred in pursuing this action.

WHEREFORE, having fully set forth his allegations against Defendants, Plaintiff respectfully requests the following relief:

a. Back pay, lost employment benefits and interest thereon;

b. Reinstatement and/or front pay;

c. Injunctive relief enjoining Defendants from engaging in discriminatory conduct in the future;

d. Compensatory damages;

e. Liquidated damages;

f. Punitive damages;

g. Pre-judgment interest;

h. Attorney's fees, expert fees, and costs; and

i. Such further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts as to all issues so triable.

Respectfully submitted,

AXELSON, WILLIAMOWSKY,
BENDER & FISHMAN, P.C.

By: ______________________
Bruce M. Bender, Esq.,
D.C. Bar 381319
Justin M. Reiner, Esq.
D.C. Bar 977638
1401 Rockville Pike, Suite 650
Rockville, MD 20852
(301) 738-7660 (Office)
(301) 424-0124 (Fax)
bmb@awbflaw.com
jmr@awbflaw.com

THE CHAVERS FIRM, LLC

By: ______________________
Clayborne E. Chavers, Sr. Esq.
5335 Wisconsin Ave., NW
Suite 440
Washington, DC 20015
(202) 467-8324
To be admitted pro hac vice